UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, Plaintiff, v. MICHAEL SOTO and J. MATHEY, Defendants. | Case No. 3:24-CV-393-CCB-SJF |

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that on January 23, 2024, Sergeant Soto and Correctional Officer Mathey handcuffed him to escort him from A Cellhouse to the Medical Unit and then to segregation at Indiana State Prison. Both these officers have escorted him before and know that he walks with a cane because his legs give out almost every step when he walks. After they left medical, they began to walk the 150-200 yards to segregation. Chandler alleges that Sergeant Soto and Officer Mathey were walking quickly and rushing him. Chandler asked them to slow down because he did not have his cane, but they seemed to go faster. They each had him by an arm, so Chandler went limp to force them to carry him. They carried him for a short distance them put him back on his feet. They were still rushing him, "practically dragging [him] along." ECF 1 at 2. As they were walking

Chandler's legs gave out every few steps, but the officers did not stop; they lifted him up and kept going.

Chandler explains that when his legs give out, it sends a jolt of pain throughout his entire body. He says it was very painful to be dragged along or made to walk quickly. The pain persisted even after he arrived in segregation and could rest. He seeks damages for the pain.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The most analogous Eighth Amendment claim for this situation is the prohibition on excessive force because Chandler's complaint raises a reasonable inference that Sergeant Soto and Officer Mathey forced Chandler to walk quickly for the purpose of causing him pain. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* As applied to this case, Chandler will have to show that the defendants were aware of his disability and forced him to walk faster than he was able to, not for a legitimate reason, but to cause him difficulty and pain.

For these reasons, the court:

(1) GRANTS Kyle Chandler leave to proceed against Michael Soto and J. Mathey in their individual capacities for compensatory and punitive damages for forcing him to walk quickly, despite his disability, for the purpose of causing him pain in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process

on) Michael Soto and J. Mathey at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Michael Soto and J. Mathey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 19, 2024

                                          */s/Cristal C. Brisco*
                                          CRISTAL C. BRISCO, JUDGE
                                          UNITED STATES DISTRICT COURT