UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLE CHANDLER,

Plaintiff,

v.                                                        CAUSE NO. 3:24-CV-393-CCB-SJF

MICHAEL SOTO and J. MATHEY,

Defendants.

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, is proceeding in this case "against
Michael Soto and J. Mathey in their individual capacities for compensatory and
punitive damages for forcing him to walk quickly, despite his disability, for the purpose
of causing him pain in violation of the Eighth Amendment[.]" ECF 5 at 2. Specifically,
Chandler alleged that the defendants made him walk quickly during an escort on
January 23, 2024, despite the fact that his legs were in pain. *Id.* at 1-2. The defendants
filed a motion for summary judgment, arguing Chandler did not exhaust his available
administrative remedies before filing this lawsuit. ECF 13. Chandler filed a response
and the defendants filed a reply. ECF 18, ECF 22. The summary judgment motion is
now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to
any material fact and the movant is entitled to judgment as a matter of law." Federal
Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the
evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a

2

matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants argue Chandler did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim that the defendants forced him to walk quickly on January 23, 2024. ECF 14 at 5. Specifically, they provide an affidavit from the prison's Grievance Specialist, who attests to the following facts: In order to exhaust his administrative remedies, Chandler needed to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Offender Grievance Manager. ECF 13-1 at 2; ECF 13-2 at 3. Chandler never completed any step of this process, as the grievance office never received any grievance from Chandler related to the January 23 transport or the defendants' alleged infliction of pain. ECF 13-1 at 6-7.

In his response, Chandler concedes he did not fully exhaust any relevant grievance. The court therefore accepts that as undisputed. Instead, Chandler argues his administrative remedies were unavailable for two reasons.

First, Chandler argues his administrative remedies were unavailable because he filed grievances that were "never answered." ECF 18 at 1. But this does not show the Offender Grievance Process was unavailable to Chandler, as the Offender Grievance Process provides a remedy for inmates who submit grievances and never receive any receipt or response from the grievance office. Specifically, the Offender Grievance Process provides that "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 13-2 at 9. Chandler provides no evidence he complied with this requirement, which is a necessary step to exhaust available remedies. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not notify the Grievance Specialist after not receiving a response to his grievance). Thus, accepting as true that Chandler submitted grievances that were "never answered," the undisputed facts show Chandler still has available administrative remedies he did not exhaust.

Second, Chandler argues his administrative remedies were unavailable because "After research I could not file a grievance on this issue because it was part of a conduct report." ECF 18 at 1. Chandler does not explain why he believes the fact that this issue

4

was part of a conduct report prevented him from filing a grievance about the issue. The

Offender Grievance Process allows inmates to grieve "Actions of individual staff,"

which includes the conduct at issue in this case, and nothing in the Offender Grievance

Process prevents an inmate from grieving an issue simply because it is part of a conduct

report. *See* ECF 13-2 at 3-4 (listing matters that are appropriate and inappropriate to the

Offender Grievance Process). Regardless, Chandler was required to attempt to file a

grievance even if he believed it would have been futile. *See Ross v. Blake*, 578 U.S. 632,

644 (2016) ("when an administrative process is susceptible of multiple reasonable

interpretations, Congress has determined that the inmate should err on the side of

exhaustion"); *Dole*, 438 F.3d at 808-809 (holding that exhaustion is necessary even "if the

prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit

the prison's administrative process to run its course before litigation begins.") (citations

and quotation marks omitted). Thus, Chandler's belief that filing a grievance would

have been futile did not make his administrative remedies unavailable.

Accordingly, the defendants have provided undisputed evidence Chandler never

exhausted any grievance related to his claim they "forc[ed] him to walk quickly, despite

his disability, for the purpose of causing him pain in violation of the Eighth

Amendment[.]" *See* ECF 5 at 2. Chandler does not provide any evidence he exhausted

any relevant grievance or his administrative remedies were in any way unavailable.

Thus, the defendants have met their burden to show Chandler did not exhaust his

available administrative remedies before filing this lawsuit. Summary judgment is

therefore warranted in favor of the defendants.

5

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 13); and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against

Kyle Chandler and to close this case.

SO ORDERED on August 14, 2025.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

6